IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILBUR LEON SMITH, #236111, | ) | |
| a.k.a., LEON CHAPPELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-859-WKW |
| | ) | [WO] |
| | ) | |
| JUDGE TRACEY McCOEY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Wilbur Leon Smith ["Smith"], an indigent state inmate, on September 26, 2007. In this complaint, Smith challenges the constitutionality of actions undertaken by Judge Tracey McCoey during criminal proceedings before the Circuit Court of Montgomery County, Alabama over which Judge McCoey presided.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] The plaintiff has been granted leave to proceed *in forma pauperis* in this cause of action. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. Claims Against Judge Tracy McCoey

Smith argues that Judge McCoey violated his constitutional rights during proceedings related to a criminal conviction imposed upon him by the Circuit Court of Montgomery County, Alabama. Specifically, Smith argues that Judge McCoey allowed his conviction to transpire in violation of double jeopardy. *Plaintiff's Complaint* at 3. The claims against Judge McCoey entitle Smith to no relief in this cause of action.

1. <u>The Request for Declaratory Relief</u>. Smith seeks declaratory relief from adverse decisions issued by Judge McCoey in state criminal proceedings over which she presided. This court, however, lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Smith from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125

S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of Smith's request for declaratory relief with respect to any actions undertaken by Judge McCoey during proceedings related to a state conviction imposed against him is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

2. <u>Monetary Damages</u>. To the extent the complaint can be construed to seek monetary damages from Judge McCoey, Smith is likewise entitled to no relief. It is clear that all of the allegations made by the plaintiff against Judge McCoey emanate from actions taken by this defendant in her judicial capacity during state court proceedings over which she had jurisdiction. The law is well established that a state judge is absolutely immune from civil

liability for acts taken pursuant to her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, any request for monetary damages against Judge Tracy McCoey would be "based on an indisputably meritless legal theory" and subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B.  The Challenges to Plaintiff's Conviction

Smith attacks the validity of a conviction entered against him by the Circuit Court of Montgomery County, Alabama as violative of double jeopardy.  This claim provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.   In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The double jeopardy claim set forth in the complaint challenges the constitutionality of a conviction and sentence imposed upon Smith by the Circuit Court of Montgomery County, Alabama. A judgment in favor of Smith on this claim would necessarily imply the

5

invalidity of this conviction and sentence. It is clear from the complaint that the conviction and sentence about which Smith complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the Montgomery County conviction imposed upon Smith is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Judge Tracy McCoey be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's challenge to the constitutionality of a conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before October 23, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of October, 2007.

                          /s/Charles S. Coody
                          CHARLES S. COODY
                          CHIEF UNITED STATES MAGISTRATE JUDGE